IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BLACKBOARD, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 9:09-cv-40 |
| v. | § § | JUDGE RON CLARK |
| DESIRE2LEARN, INC. | § § § | |
| Defendant. | § | |

**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

Before the court is the parties' Joint Motion for a Protective Order [Doc. # 23]. With the modifications subsequently provided by the parties, the court is of the opinion that the motion should be GRANTED.

IT IS THEREFORE ORDERED THAT:

1. This Protective Order shall apply to materials, information, documents, and things produced or disclosed, or submitted to the Court in this action by any party or non-party (the "Designating Party") to any other party (the "Receiving Party"), including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory response, responses to requests for admission, or other information provided in this action (all such information shall hereinafter be referred to as "Discovery Material"). This Protective Order shall also apply to all information, documents, and things derived from the Discovery Material, including, without limitation, copies, summaries, or

abstracts. This Protective Order shall be binding on the parties to this action, and their successors, assigns, and employees.

2.  All Discovery Material designated in the course of this litigation as "Confidential – Attorneys' Eyes Only" as defined in Paragraph 3, shall be used only for the purpose of preparation and trial of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof. Notwithstanding the foregoing, all Discovery Material designated in the course of this litigation as "Confidential – Attorneys' Eyes Only," may be used in the U.S. International Trade Commission investigation styled *In the Matter of Certain Course Management System Software Products*, Investigation No. 337-TA-677, and, if it is so used, shall be deemed Confidential Business Information pursuant to the Protective Order entered in that investigation. Such Discovery Material may also be used in the litigations styled *Blackboard Inc. v. Desire2Learn Inc.*, No. 9:09-cv-129 (E.D. Tex.), and *D2L Ltd. et al. v. Blackboard Inc.*, No. 1:09-cv-1763 (D. Md.).

## DEFINITIONS

3.  "Confidential – Attorneys' Eyes Only" shall refer to Discovery Material that contains or is of a highly proprietary or competitively sensitive business, financial or technical nature, including but not limited to: (1) technical information such as product design, resource allocation, system configuration or technical information related to the computer networks of the Designating Party; (2) information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); (3) formulae, source code, or other information

related to proprietary software of a Designating Party; (4) research and development information; (5) customer lists or user information; (6) sales, cost, pricing, or other financial information; (7) patent license agreements or information that was generated in connection with, or reveals the content of, patent licensing negotiations; (8) plans for strategic business initiatives or marketing plans; (9) service provider or distribution agreements; (10) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial or financial information which the Designating Party would not normally reveal to competitors; (11) material that the Producing Party has treated as confidential in the ordinary course of business which has not been disclosed publicly and which the Producing Party believes in good faith must be held confidential to protect business or commercial interests; or (12) any information designated as Confidential Business Information in the U.S. International Trade Commission investigation styled *In the Matter of Certain Course Management System Software Products*, Investigation No. 337-TA-677. "Confidential – Attorneys' Eyes Only" information shall only be disclosed to Qualified Persons designated according to Paragraph 5 below.

     4.    "Confidential – Attorneys' Eyes Only" information shall not include any Discovery Material that the Receiving Party demonstrates:

        a.    is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

        b.    becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

        c.    was in the Receiving Party's lawful possession at the time of disclosure from the Designating Party, as evidenced by a written document; or

    d.  the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

  5.  With respect to Discovery Material designated as "Confidential – Attorneys' Eyes Only" "Qualified Persons" means:

    a.  Outside counsel of record for the parties to this litigation and employees in those law firms whose functions require access to materials protected by this Order, including those law firms' outside copy and electronic discovery vendors;

    b.  Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

    c.  Any independent expert or consultant that is neither employed by nor consulting for either party, but is engaged by any attorney described in Paragraph 5(a) solely to assist in this litigation, including the expert or consultant's administrative and clerical personnel, provided that disclosure to each such person shall be made only on the following conditions:

      1)  each consultant/expert signs a statement in the form attached hereto as <u>Exhibit A</u>;

      2)  each consultant/expert provides to outside counsel of the Designating Party such consultant/expert's (i) name, (ii) address, (iii) resume or curriculum vitae, and (iv) information on prior and current employment, affiliations, and consultancies (including any cases in which he or she has testified at trial or by deposition within the preceding four years);

      3) there is no objection by a Designating Party in writing served on all parties by facsimile, overnight mail, acknowledged e-mail or in person within seven (7) calendar days of the foregoing disclosures, which writing shall specify the reasons for the objection.  In the case of an objection the parties must confer as soon as reasonably possible to resolve the objection.  If the parties are unable to resolve the objection, the Receiving Party may seek relief from the Court with reasonable notice to the Designating Party.  No such outside expert or consultant as to whom timely objection is made shall receive designated confidential information unless and until all such objections are resolved.

    d. Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person;

    e. Graphics or design services personnel, non-technical jury or trial consulting services and photocopy, document imaging, and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in this action;

    f. Translation services necessary for translating documents in this case;

    g. Any employee of or consultant for the party that produced the particular material sought to be disclosed to that persons;

    h. Up to two designated in-house counsel for each party, whom the parties will identify to each other in advance, subject however to Paragraphs 5(c)(3) and 9.  For Blackboard, those two attorneys currently designated are Matthew Small and Andrew Olek.  For Desire2Learn, it currently designates Diane Lank. Notwithstanding the foregoing, Matthew Small shall not be permitted access to any Desire2Learn source code.  Additionally, Mr. Small shall not make public or private statements to any non-Qualified Person that discloses, directly

or indirectly, in whole or in part, verbatim or in summary, any of the Confidential Desire2Learn business or financial information to which he has access.; and,

       i.       Any other person who the Designating Party agrees in writing may be provided with "Confidential – Attorneys' Eyes Only" materials protected by this Order, provided that such person executes Exhibit A hereto before receiving the materials.

### DESIGNATION AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6.       The designation as "Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Designating Party:

       a.       In the case of Discovery Material, by affixing, legibly, the legend "Confidential – Attorneys' Eyes Only" to each page containing confidential information.

       b.       Magnetic or Optical Media Documents: Where documents or information are produced in a magnetic or optical medium (such as a hard drive, CD, or DVD), the documents or information shall be marked with the appropriate designation unless it is impractical to do so, in which case the medium shall be marked.

       c.       In the case of depositions ("Transcripts"), (i) by indicating on the record at the deposition that the testimony is "Confidential – Attorneys' Eyes Only" and is subject to the provision of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as "Confidential – Attorneys' Eyes Only" thereafter.  Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential – Attorneys' Eyes Only."  All Transcripts shall be treated as "Confidential – Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the Transcript or, by agreement of the parties, for a longer period.

   d.  Physical Exhibits: The confidential status of physical exhibits shall be indicated by placing a label on said physical exhibits marked with the appropriate notice.

   e.  Third-Party Materials: Any third party from which materials are sought in connection with this action should be provided with a copy of this Protective Order and notified of the opportunity to designate materials under it.

    1)  If material furnished by a third party is not already designated under this Protective Order, it shall be treated as "Confidential – Attorneys' Eyes Only" by each Receiving Party for a period of ten (10) business days from the date it has been produced to both parties.

    2)  At any time before the tenth (10th) business day from the date of production, the third party or any party to this litigation may designate third-party material pursuant to this Protective Order. A party who designates third-party material must promptly notify in writing all other parties to this litigation of such designation and must include a copy of the third-party material, properly marked with such notification. Once third-party material has been specifically designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the remaining provisions of this Protective Order shall apply.

   f.  If third-party material has not been specifically designated as "Confidential – Attorneys' Eyes Only" by the third party, or by a party within the ten-day period, the third-party material will lose its temporary "Confidential – Attorneys' Eyes Only" designation and will have no confidentiality designation.

   g.  Materials designated as "Confidential – Attorneys' Eyes Only" shall hereinafter be referred to as Confidential Material.

7.    The parties anticipate producing computer source code. All source code shall be designated as "Confidential – Attorneys' Eyes Only" and shall be made available to the Receiving Party in a secure location of the Receiving Party's determination. The computer source code will be viewable within the confines of the secure location, and it must remain within the confines of the secure location – the Receiving Party may not make or have a copy of the source code for review outside of the secure location. A Receiving Party and a Designating Party may, by mutual written agreement, depart from the procedures of this paragraph without seeking leave from the Court.

8.    Other than the court and court personnel (including the court's reporter(s)), the recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own highly confidential proprietary information. Confidential Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

**PERSONS NOT ENTITLED TO RECEIVE CONFIDENTIAL MATERIAL:**

**PROSECUTION BAR**

9. Attorneys, agents, and anyone assisting them, who prepare or prosecute any of their respective client's U.S. or foreign patent applications relating to the subject matter of the patent-in-suit (including participation on behalf of a patentee or patent applicant in reexamination proceedings), are prohibited from receiving "Confidential – Attorneys' Eyes Only" information disclosed pursuant to this Protective Order.  Any individual who receives "Confidential – Attorneys' Eyes Only" information shall not thereafter draft, prosecute, supervise, consult, or assist in the prosecution of their respective client's U.S. or foreign patent applications relating to the subject matter of the patent-in-suit during the pendency of this case or for one (1) year after termination of this action, including any appeals, even if such applications are transferred to another person during said time period.  The term "patent applications" as used in this paragraph includes applications that may be provisional, continuations, continuations-in-part, divisionals, reissues, reexaminations, or any other similar filing that may be subject to examination by the U.S. Patent and Trademark Office or a foreign patent office.

## CHALLENGES TO DESIGNATIONS

10.     At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential – Attorneys' Eyes Only," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Designating Party. Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded confidential treatment and the reasons supporting the challenging party's claim.  After such notice is made, the parties shall confer and in good faith attempt to resolve their differences.  If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel. The party seeking a designation as "Confidential – Attorneys' Eyes Only" shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure and to such designation. The party asserting that the information is not confidential because of the reasons listed in Paragraph 4 shall have the burden of making a prima facie showing in support of its position. All Discovery Materials and Transcripts that a party designates as "Confidential – Attorneys' Eyes Only" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

## CONFIDENTIAL INFORMATION DEPOSITIONS

11.     If, during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding Confidential Material, then only persons designated in Paragraph 5 (and the deponent's counsel, in the case of a separately represented

nonparty) shall be allowed to be present during such portion of the deposition.  It shall be the obligation of the Designating Party to invoke this provision.

12. A deponent may be shown during the deposition, and examined about, documents and information designated as "Confidential – Attorneys' Eyes Only" under this Protective Order if, and only if:  (i) the deponent is an officer or an employee of the designating party; (ii) the deponent is designated under paragraph 5(d) or 5(e) above; (iii) the deponent authored or was an original recipient of the document; (iv) counsel for the designating party grants his or her ascent; or (v) if a party has included in its notice of deposition notice of its intent to show "Confidential – Attorneys' Eyes Only" material to a person not falling under (i), (ii) or (iii) of this sub-section, including notice of the types of materials that the party intends to show, and the Designating Party does not object within five (5) business days of receipt of such notice.  If a timely-written objection is made to the proposed disclosure described in (v), and the parties are unable to resolve the issue, then the Designating Party shall move for a protective order from the Court, preventing such disclosure.  The motion for protective order must be filed at least seven (7) days before the deposition is scheduled to commence.  The objecting party shall have the burden of establishing good cause to support its objection, but no disclosure shall be made until the Court decides the motion or the objection is otherwise resolved.

13. A deponent who is not a party or a representative of a party may be furnished a copy of this Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear before being asked to produce potentially confidential documents.

## THIRD PARTY CONFIDENTIAL DOCUMENTS

14. During the course of this action, a party may be requested to produce to another party material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order and shall inform the non-party of the contents of this Protective Order and specifically of this paragraph.  If the non-party consents to the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Order.  If the non-party does not consent to disclosure of the confidential document or information under the terms of this Protective Order, the party subject to such contractual or other obligation of confidentiality shall promptly notify the demanding party in the litigation in writing of that non-party's refusal to consent, including an identification of the refusing party. The third party shall be sent a copy of such notice, and the notice to the demanding party and third party shall be sent via e-mail, fax, or overnight mail. The non-party shall then have fifteen (15) court days from the date on which such notice is sent to the demanding party to move the Court for a protective order. If the non-party fails to file a motion for protective order within the prescribed time, the party subject to such contractual or other obligation of confidentiality shall be deemed to be compelled by this Court to produce the materials at issue. This Protective Order shall not preclude any party from moving the Court for an order compelling production of such material.

**FILING UNDER SEAL**

15.     All documents of any nature, including briefs, containing information that is Confidential Material, which are filed with the Court, may be filed under seal using the Court's CM/ECF system. Documents filed under seal must comply with the requirements of Eastern District Local Rules CV-5(a)(7).  The parties are not required to file additional Motions to Seal Documents, and sealed e-filings of Confidential Material in this case are hereby authorized without necessity of further motion or leave of Court. There shall be, attached to the Confidential Material filed under seal, a cover sheet including the caption of the case, the signature of counsel of record for the party filing the document, and the following title: "**FILED UNDER SEAL**." When a party serves a document filed under seal on the opposing party, the serving party shall indicate whether the document is to be treated as "Confidential – Attorneys' Eyes Only."  If the serving party fails to so indicate, the receiving party should inquire and, until receiving a response, shall treat the document as "Confidential – Attorneys' Eyes Only."

16.     Any documents filed under seal as provided in this paragraph shall be disclosed by the clerk only to counsel of record without further order of the Court. This does not limit other access to such documents as otherwise provided in the applicable Protective Order.

## USE OF CONFIDENTIAL MATERIAL AT HEARING OR AT TRIAL

17. Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of this Court, documents and other information designated under this Protective Order may be offered in evidence at trial or at any court hearing. Any party to this litigation or third party may move the Court for an order that documents or information designated "Confidential – Attorneys' Eyes Only" be received in camera or under such other conditions as are necessary to prevent inappropriate disclosure. If such a motion is made, the Court will determine whether the proffered evidence should be protected under this Protective Order and, if so, what protection, if any, may be afforded to such information at the hearing or trial.

## SUBPOENA BY THIRD PARTY, OTHER COURTS OR AGENCIES

18. If a third party, another court, arbitrator, or an administrative agency subpoenas or orders production of documents or information designated for protection under this Protective Order which a party to this litigation has obtained under the terms of this Order, such party shall, within five business days, notify the Designating Party of the pendency of such subpoena or order.

## INADVERTENT PRODUCTION AND DISCLOSURE

19. A Designating Party that inadvertently produces Discovery Material without designation as "Confidential – Attorneys' Eyes Only" may retroactively so designate the Discovery Material notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates-number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Designating Party first realizes that the Discovery Material was produced without a designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential – Attorneys' Eyes Only" retroactively to the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Designating Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 21 below.

20. A party's inadvertent production of Discovery Material in this action for another party's inspection or copying shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work product protection that might exist with respect to such Discovery Material or other documents or communications, written or oral, including, without limitation, other communications referred to in the Discovery Materials produced. Furthermore, a party's inadvertent production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to

seek discovery of communications, documents and things as to which a claim of attorney-client privilege or attorney work product has been made.

21.  In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party who designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

## RETURN OF CONFIDENTIAL MATERIAL AFTER TERMINATION

22.  After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

23.  Within sixty (60) days after a final judgment in this proceeding becomes non-appealable, the parties and their counsel shall return to the producing party's counsel all Confidential Material.  Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Outside Counsel for each party may retain one archival copy of all discovery responses and produced documents; deposition transcripts and exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Material to the extent it is included in such papers or reflected in that counsel's work product.

## OTHER PROCEEDINGS

24.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential – Attorneys' Eyes Only" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## GENERAL ADVICE AND DISCLOSURE BY COUNSEL

25.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material produced or exchanged; <u>provided however</u>, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Material produced by another Party if that disclosure would be contrary to the terms of this Protective Order. Further, nothing in this Protective Order prevents any outside attorney from advising his or her clients regarding general strategy so long as the attorney does not disclose the contents of any Confidential Material in a manner contrary to the terms of this Protective Order.

## **DUTY TO COMPLY WITH PROTECTIVE ORDER**

26.	Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.  This provision does not apply to the court, including court personnel and the court's reporter(s).

27.	Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

28.	The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

So **ORDERED** and **SIGNED** this **26** day of **August, 2009.**

_____
Ron Clark, United States District Judge

**EXHIBIT A TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| Blackboard Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 9:09-cv-40 |
| | ) | |
| v. | ) | Judge Clark |
| | ) | |
| Desire2Learn Inc., | ) | |
| | ) | |
| Defendant. | ) | |

    I hereby certify that I have read the Protective Order entered in the United States District Court for the Eastern District of Texas in the above-captioned action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the Eastern District of Texas for all purposes relating to the enforcement of the Order.

    As soon as practical or at the end of the consulting agreement, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel who provided me with such material, all materials designated as "Confidential" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the Confidential Material that was provided me.

Dated: _____

_____
Signature

_____
Type or Print Name of Individual

_____
Residence Address

_____
Business Address

_____
Employer

_____
Title/Job Description